UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

STEVEN SOBIE,

    Petitioner,

v.

MARTY ANDERSON, Warden,

    Respondent.

---

Civil No. 06-1149 (RHK/JSM)

**REPORT AND RECOMMENDATION**

JANIE S. MAYERON, United States Magistrate Judge

    This matter is before the undersigned Magistrate Judge of the District Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and respondent's Motion to Dismiss [Docket No. 9]. Petitioner claims that the Bureau of Prisons ("BOP") has wrongly determined the date when he should be transferred from prison to a Residential Reentry Center (RRC)[1]. Respondent filed a response to the Petition stating the Petitioner has already been transferred to a halfway house in Grand Rapids, Michigan and that the Petition should be denied and dismissed as moot. Respondent's Motion to Dismiss at 2. The matter has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court concludes that Petitioner's § 2241 Petition should be denied as moot, and defendant's Motion to Dismiss [Docket No. 9] should be granted.

---

[1]     Until recently, RRCs were known as Community Corrections Centers ("CCC"s) and were commonly referred to as halfway houses.

Petitioner was a prisoner at the Federal Prison Camp in Duluth, Minnesota serving a 13-month sentence for aiding and abetting the making of a false firearm transaction record. Resp.'s Motion to Dismiss at 1. Petitioner was convicted in the Eastern District of Michigan. Id. Petitioner's projected release date is August 4, 2006. Petition at 2. Under the BOP's old policy, 28 C.F.R. §§ 570.20 and .21, Petitioner's projected release date to a RRC was on or about July 2, 2006. Id. However, in light of the decision in Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006), the BOP has recognized that §§ 570.20 and .21 are invalid in the Eighth District and has agreed to return to its pre-2002 policy for determining RRC placement. Resp.'s Motion to Dismiss at 2. On June 21, 2006 the Government was informed that the Petitioner had been transferred to a halfway house, Community Alternatives, in Grand Rapids, Michigan where he will remain until his projected release date of August 4, 2006. Id.

Petitioner is no longer in the custody of the Respondent. Therefore, the Petition for writ of habeas corpus should be dismissed as there is no longer a live case or controversy for this Court to entertain. See, Murphy v. Hunt, 455 U.S. 478, 481 (1982); Copley v. Keohane, 150 F.3d 827, 829-830 (8th Cir. 1998) (habeas petition moot following petitioner's conditional release and petitioner did not remain in custody of anyone over whom the Eighth Circuit had jurisdiction to effectuate his release should writ be issued). As a general rule, when a habeas petitioner protests a condition of his confinement, his claim is mooted when that condition ends. Weinstien v. Bradford, 423 U.S. 147 (1975); Corgain v. Miller, 708 F.2d 1241, 1246 (7th Cir. 1983).

**IV.   RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,
IT IS HEREBY RECOMMENDED that:

2

1. The Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be DENIED as moot. Petitioner is no longer in the custody of the Respondent and there is no longer a live case or controversy for the Court to decide; and

2. Respondent's Motion to Dismiss [Docket No. 9] be granted.


Dated:     July 25, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 14, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.